UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRENT FRANCELY,<br><br>         Plaintiff,<br><br>    -against-<br><br>STATE OF FLORIDA, *et al.*,<br><br>         Defendants. | 23-CV-7666 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who currently is incarcerated at the Pretrial Detention Center ("PTDC") in Miami, Florida brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights during an arrest in Miami, and following that arrest, during his detention at the PTDC. Named as Defendants are the State of Florida, Florida officials, PTDC employees, and Miami-Dade police officers. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants strip-searched him at a La Quinta Inn, charged him with battery, and detained him at the PTDC. He does not plead the residence of any of the individual defendants, only asserting that the alleged events giving rise to his claims occurred in Miami. Because Defendants are employed at various Florida agencies in Miami, and the alleged events occurred in Miami, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Miami, Florida, which is in the Southern District of Florida. Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 13, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge